## United States District Court
## Eastern District of Pennsylvania

Case Number: 2:04-cv-04280-CG

Commerce Commercial Leasing, LLC, as
assignee of NorVergence, Inc.,

                          Plaintiff,

vs.

Broward Title Company, a Florida
corporation,

                          Defendant.

_____/

# Defendant's Motion to Stay Proceedings Until Related Suits Are Resolved

Defendant, Broward Title Company, by and through its undersigned attorneys, requests that this court enter its order staying these proceedings until such time as related suits are resolved, and in support thereof states:

## Background

1.       By this action, Plaintiff seeks to enforce an "equipment rental agreement" ("ERA") entered into between Defendant, Broward Title Company, ("Broward") a Florida resident, and NorVergence, a bankrupt reseller of telephone services, a New Jersey resident, which agreement was assigned to Plaintiff, Commerce Commercial Leasing, LLC, ("CCL") a Pennsylvania resident.

2.       The suit was originally filed by Plaintiff in the Court of Common Pleas of Montgomery County, Pennsylvania, and was removed to this court based upon diversity of citizenship and

amount in controversy.

3.      Broward sought dismissal of Plaintiff's action based upon a claimed lack of *in personnam* jurisdiction, or an alternative transfer of the action to the Southern District of Florida.

4.      Plaintiff defended against the motion, asserting proper venue based upon a contractual venue provision.

5.      This court denied the Broward's motion, finding the venue provision to be enforceable.

6.      While Broward's motion to dismiss was pending, the State of Florida filed suit in state court against Plaintiff and eleven other leasing companies seeking to enforce "leases" against Florida residents, assigned to them by NorVergence.  The suit seeks an injunction against the companies to prevent the companies from enforcing the leases.  Specifically, the State of Florida seeks to enforce Florida law in Florida courts to prevent the leasing companies, including Commerce Commercial Leasing, from violating Florida law by enforcing leases the Attorney General of the State of Florida has determined to arise from violations of Florida law—particularly, a statutory scheme to prevent deceptive and unfair trade practices, §§ 501.201, *et seq.*, FLA. STAT. (2004).

7.      A true and correct copy of the suit filed in Florida state court is attached hereto as Defendant's Exhibit 1, and by reference, is made a part hereof.

8.      A true and correct copy of the docket of the suit filed in Florida state court is attached hereto as Defendant's Exhibit 2, and by reference, is made a part hereof, showing the date of filing, the case number, and the proceedings to date.

9.      In connection with the state court action, the State of Florida has sought a temporary injunction.

10.     A true and correct copy of the motion for temporary injunction filed in the suit filed in

2

Florida state court is attached hereto as Defendant's Exhibit 3, and by reference, is made a part hereof.

11. A hearing on the motion for temporary injunction is scheduled to be heard by the Florida state court on December 7, 2004.

12. Prior to November 22, 2004, a group of 133 NorVegence customers similar to Broward, whose ERAs were assigned to CCL, conducted discovery in the NorVergence bankruptcy, to obtain copies of documents material to the group's claims which, if successful, would bar enforcement of the ERAs.

13. On or about November 22, 2004, the group of 133 NorVegence customers similar to Broward, whose ERAs were assigned to CCL, filed an adversary proceeding in the NorVergence bankruptcy, against NorVergence and CCL, in ten counts, seeking the following relief pertinent to this motion:

   a. Count I: a declaratory judgment that the equipment rental agreements, identical to that of Broward's, do not document or evidence the rental or lease of the telephone equipment, labeled by NorVergence as a "Matrix" device, being known within the telecommunications industry as a channel bank.

   b. Count II: a declaratory judgment that the equipment rental agreements, identical to that of Broward's, do not qualify as a "lease" nor as a "finance lease" under New Jersey's enactment of the Uniform Commercial Code ("UCC");

   c. Count III: a claim for money damages for conversion against CCL;

   d. Count IV: a claim for money damages for violations of New Jersey Consumer Fraud Act, against CCL;

   e. Count V: a claim for money damages for federal RICO violations against CCL;

3

  f.  Count VI: a claim for money damages for unjust enrichment against CCL;

  g.  Count VII: a claim for money damages for violation of N.J.S.A. 2A:32-1, Debts or Obligations Fraudulently Contracted or Incurred, against CCL;

  h.  Count IX: equitable subordination of CCL's claim against NorVergence in the bankrupt estate.

14. A true and correct copy of the adversary proceeding is attached hereto as Defendant's Exhibit 4, and by reference, is made a part hereof.

15. Adversary proceedings against approximately eleven other leasing companies, identical in allegations and relief sought, have been filed to date in the bankruptcy proceeding.  More are presently being prepared.

16. On or about November 4, 2004, the Federal Trade Commission filed suit against NorVergence, in United States District Court for the District of New Jersey, for injunctive and other equitable relief, asserting that the ERAs assigned to the leasing companies, including CCL, resulted from unfair and deceptive acts or practices, in violation of Section 5(a) of the FTC Act, 15 U.S.C.A. § 45(a).

17. A true and correct copy of the FTC Complaint is attached hereto as Defendant's Exhibit 5, and by reference, is made a part hereof.

18. Prior to November 22, 2004, counsel for the Plaintiffs in the adversary proceedings, including Defendant's Exhibit 4, the assistant attorney general assigned to the Florida state court action, and the attorney for the Federal Trade Commission, met for hours to review the documents gathered to date in support of their various claims.

19. At the conclusion of said meeting, the attorney for the FTC stated that the FTC intended to file suit against the leasing companies, including CCL, for violation of Section 5(a) of the

GOSSETT & GOSSETT, P.A. 4700 Sheridan Street, Building I, Hollywood, Florida 33021 • (954) 983-2828 • Fax (954) 983-2850

FTC Act, 15 U.S.C.A. § 45(a), for injunctive and other relief.

20.    Attorneys General in approximately eleven states have either filed actions similar to Defendant's Exhibit 1, or are in the investigatory phases prior to filing similar actions.

21.    Best estimates place the number of "lessees" defrauded by NorVergence and the leasing companies at 11,000, with the total dollar amount of those leases equal to approximately $200,000,000.

22.    On August 16, 2004, a putative class action was filed in Superior Court of New Jersey, Monmouth County, Law Division, entitled *Exquisite Caterers, LLC v. Popular Leasing USA, Inc., et al.*, assigned case number 3686-04.  The original complaint, attached as Defendant's Exhibit 6, would include Broward as a class member, and would include CCL as an unnamed defendant.  The amended complaint, attached hereto as Defendant's Exhibit 7, specifically names CCL as a defendant.

23.    Plaintiffs' counsel in the New Jersey state court putative class action suit has been in conversations with the assistant attorney general for the State of Florida assigned to the State of Florida case, and the Plaintiffs' counsel in the Florida federal putative class action suit (described below), as well as counsel for the leasing company defendants.  An amended complaint is to be filed in the New Jersey action, at which time class certification will be sought.

24.    On September 23, 2004, a putative class action was filed in the United States District Court for the Southern District of Florida, entitled *Sterling Asset & Equity Corp. v. Preferred Capital, Inc.*, and was assigned case number 04-22399.  CCL was not originally a party-Defendant to that action.  However, on October 15, 2004, an amended complaint was filed which joined CCL as a named party-Defendant.  A true and correct copy of the amended

5

complaint in the Florida federal, putative class action is attached hereto as Defendant's Exhibit 8, and by reference, is made a part hereof.

25.    Broward would constitute a member of the class of the Florida federal district court action, and CCL is a named Defendant.

26.    Informal discovery by Plaintiffs' counsel in the Florida federal district court action has progressed farther than the progress of the instant case.

# Allegations of Motion

27.    It would be wise judicial administration to stay this proceeding pending, first, the outcome of the Florida state court action, second, the outcome of the adversary proceeding, and third, the outcome of either of the two putative class actions, or both.

28.    It would be wise judicial administration to stay this proceeding pending the outcome of any action filed by the FTC, should the FTC file such an action.

29.    Staying this action pending the outcome of the above proceedings would avoid piecemeal, and potentially contrary results of the pending, litigation.

30.    The only progress made in the instant litigation is the briefing and disposition of Broward's motion to dismiss.  However, the progress made in the Florida state court action, the adversary proceedings, and the putative class actions is greater.  First, the Florida state court action is set for hearing on a motion for a temporary restraining order within three weeks[1]. Second, the adversary proceedings were filed after plaintiff's counsel obtained discovery

---

[1]However, given the number of Defendants in the state court action who have not responded to either the complaint or motion for temporary restraining, it would not be unexpected for the hearing to be continued.  Beyond the motion for temporary restraining order, "all pending motions" are set to be heard by the state court on that same date. (See Defendant's Exhibit 2.)

GOSSETT & GOSSETT, P.A. 4700 Sheridan Street, Building I, Hollywood, Florida 33021 • (954) 983-2828 • Fax (954) 983-2850

through the bankruptcy proceeding.

31.     The Florida state court action is dependent upon the application of state, not federal, law.

32.     If the State of Florida is successful in the action, this action can not proceed without CCL being in violation of the state court's order.  Principles of comity would have this court respect the decision of the state court.

33.     The Florida state action is obviously an effort by the State of Florida to implement control of offensive conduct occurring within the State of Florida.

34.     The adversary proceedings are dependent upon the application of state law for the majority of the complaint, although one federal count (federal RICO) is involved, and federal bankruptcy law is involved in two counts.

35.     Broward's undersigned counsel has requested that CCL's counsel advise him of CCL's position on this motion. CCL opposes the motion.

# Memorandum of Law

**Power to Stay Proceedings**

This court has the power to stay proceedings:

[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.   How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Pirkle v. Ogontz Controls Co.*, 1987 WL 19882, p. 3 (E.D.Pa.), *citing Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

***Burford* Abstention Doctrine**

In *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098 (1976), the Supreme Court discussed

the circumstances under which it would be appropriate for a federal court to abstain from exercising jurisdiction.  One such circumstance occurs when a state seeks to establish and enforce a coherent policy which concerns complicated local matters.  Under those circumstances, "a sound respect for the independence of state action requires the federal equity court to stay its hand." *Burford*, at 334, at 1107.

The third circuit interpreted *Burford* to hold "[i]f the exercise of federal review would be disruptive of state efforts to establish a coherent policy, and the policy concerns complicated local matters, abstention may be justified."  *United Servs. Auto. Ass'n v. Muir*, 792 F.2d 356, 364 (3d Cir. 1986), *cert. denied sub nom. Grode v. United Servs. Auto. Ass'n*, 479 U.S. 1031, 107 S.Ct. 875 (1987).

Under Florida law, the administrative agency having enforcement powers of the Florida Deceptive and Unfair Trade Practices Act is the Department of Legal Affairs when the violation occurs in or affects more than one judicial circuit in the State of Florida.  § 501.203(2), Fla. Stat. (2004).  The Dept. of Legal Affairs, through the Office of the Attorney General of the State of Florida, has concluded, and therefore alleged in the pending suit against the leasing companies, that the following representations and provisions of the equipment rental agreement are deceptive, unfair and/or unconscionable—in short, they violate Florida law:

1.      Removing any obligations by NorVergence assignees to the consumer;

2.      Requiring that all legal actions relating to the contract be brought exclusively in the state where NorVergence had its principal offices, i.e., New Jersey, or if assigned, in the state where the assignee's principal offices are located, a location unknown at the time of

8

execution of the contract[2];

3.     Characterizing the vast majority of the total fees agreed to by the consumer as payments for the Matrix box which grossly exceeds its commercial value;

4.     Characterizing the agreement as a finance lease under Article 2A of the Uniform Commerical Code ("UCC"), in an unconscionable effort to gain the protection for finance leases; and,

5.     Waiving all the consumer's defenses to demands for payment, even if the promised services were terminated or never provided.

Defendant's Exhibit 1, p. 9, ¶ 28.

The state administrative agency charged with enforcing the Florida law to the benefit of all statewide consumers is seeking to do so by enjoining enforcement of the ERAs.  Clearly, *Buford* does not require abstention whenever there exists a state regulatory process, or even in all cases where there is a potential for conflict with state regulatory law or policy.  *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 359, 109 S.Ct. 2506, 2514 (1989) *cited in Southeastern Pennsylvania Transp. Auth. v. Pennsylvania Public Utility Comm.*, 826 F.Supp. 1506, 1513 (E.D.Pa. 1993).  However, we have already experienced a conflict between the state regulatory authority and this federal court: the state regulatory authority determined, and asserted, that the overly broad choice of venue provision in the contracts was unfair and unconscionable—just as the Superior Court of New Jersey found in *Copelco*, and contrary to the holding in *Danka Funding, LLC v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F.Supp.2d 465, 467-68 (D.N.J. 1998).  Defendant's Exhibit 1, p. 9, ¶¶ 28.b., and 29.  This court has ruled that such clause is "not

---

[2]This latter fact is what caused the state court in *Copelco Capital, Inc. v. Shapiro*, 750 A.2d 773 (Supr. Ct. N.J. 2000) to disagree with the federal district court of New Jersey, and hold that the forum selection clause like the one in the case at bar was unenforceable.

**GOSSETT & GOSSETT, P.A.** 4700 Sheridan Street, Building I, Hollywood, Florida 33021 • (954) 983-2828 • Fax (954) 983-2850

unreasonable under the circumstances." (DE #11.) As the *Copelco* concurring opinion expressed, "In my view the result of a case such as this should not turn, as it does here, on whether the defendant removed the matter to federal court on the basis of diversity." *Copelco*, at 777-78.

Broward believes, and therefore asserts, that under *Burford*, especially when teamed with the *Colorado River* doctrine, this court should stay this action.

**_Colorado River_ Doctrine**

Whether this court should exercise its power to stay proceedings rests on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Pirkle v. Ogontz Controls Co.*, 1987 WL 19882, p. 3 (E.D.Pa.), *citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). It seems clear that wise judicial administration would weigh in favor of a stay. Should the Florida state court, before whom the State of Florida has brought an action for injunction to prevent enforcement efforts by CCL, enter an injunction, CCL could not proceed with this action without violating that court's injunction. A hearing on the state's motion for temporary injunction is set for December 7, 2004. While a denial of the temporary injunction would not prevent the entry of a permanent injunction entered at the conclusion of the action, the entry of a temporary injunction would end this litigation.

This court has interpreted and applied the *Colorado River* doctrine in the following fashion:

> Although plaintiffs are correct in asserting that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813 (1976), I find that the exceptional circumstances of the instant case calls for judicial deference to the pending state proceeding.

> In *Colorado River,* the Supreme Court recognized that

> there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations

**GOSSETT & GOSSETT, P.A.** 4700 Sheridan Street, Building I, Hollywood, Florida 33021 • (954) 983-2828 • Fax (954) 983-2850

which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.   These principles rest on considerations of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183 (1952)).   In accordance with this recognition, the Court determined that circumstances permitting the dismissal of a federal suit in response to parallel state proceedings for reasons of wise judicial administration, "though exceptional, do nevertheless exist."  424 U.S. at 818.

The "exceptional circumstances" test as formulated by the Court in *Colorado River* and restated in its subsequent decision in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1 (1983), requires a consideration of the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation and the order in which jurisdiction was obtained by 15.   Two additional factors highlighted in *Moses H. Cone* are the comparative progress made in each proceeding and whether federal or state law provides the rule of decision governing the issues in dispute.  460 U.S. at 16.

* * *

...  ***First it is a waste of judicial resources for this court to rehear extensive evidence and arguments already presented before the state court with regard to the issue of ownership.  Second, it is unfair to impose on either party the burden of litigating the identical issue of ownership in two forums.***  ... Where as here, a state court has decided that the patents were to the contrary owned by the alleged infringer it would be both injudicious as well as contrary to principles of comity for this court to proceed on the infringement claim in the absence of a final ruling from the state court. ...

* * *

Finally, where as here, the rules of decision with regard to the ownership of the patents are governed by state law, and the state court has substantially progressed with the task of deciding issues of state law of critical importance to a parallel action in federal court, principles of comity in addition to those of wise judicial administration strongly counsel deference to the state court determination by staying the federal action.

*Pirkle v. Ogontz Controls Co.*, 1987 WL 19882 (E.D.Pa.) (Emphasis added).

**GOSSETT & GOSSETT, P.A.** 4700 Sheridan Street, Building I, Hollywood, Florida 33021 • (954) 983-2828 • Fax (954) 983-2850

First, it is a waste of judicial resources for this court to rehear extensive evidence and arguments which will have already been presented to the state court with regard to the issue of whether the contracts sought to be enforced were violative of Florida's Deceptive and Unfair Trade Practices Act at the time they were entered into, and therefore, unenforceable.

Second, it is unfair to impose on either party the burden of litigating the identical issue of enforceability in two fora. CCL certainly has an incentive to present all of its evidence mitigating against such a finding by the state court. The State of Florida is seeking an injunction to prevent CCL and the other Defendants from enforcing all of their Florida agreements.

Finally, whether the contracts violate Florida's Deceptive and Unfair Trade Practices Act at the time they were entered into, and therefore, are unenforceable is governed by state law. The state court has progressed to the point where an evidentiary hearing is to be held shortly, even though it was filed after the present action. The evidentiary hearing, and the court's ruling based thereon, may bring both the state court action, and this action, to an end.

Therefore, it would be prudent for this court to stay this action until the Florida state court action is concluded.

**Putative Class Actions Pending**

Large groups of former NorVergence customers have banned together to litigate the enforceability of the ERAs—133 in the adversary proceeding suing CCL alone in the bankruptcy action venued in New Jersey with hundreds others suing leasing companies other than CCL, a substantial number (although uncounted) in the Florida federal district court putative class action, and another substantial number (although uncounted) in the New Jersey

**GOSSETT & GOSSETT, P.A.** 4700 Sheridan Street, Building I, Hollywood, Florida 33021 • (954) 983-2828 • Fax (954) 983-2850

state court putative class action.

Additionally, groups are forming in California, Texas, Illinois, Missouri, New York, and other states, urging their attorneys general to file suit, and such groups are contemplating filing their own class actions.  Many attorneys general have already filed suit, and some, such as Texas, are in the stage of collecting information from the leasing companies to enable suit to be brought.  Suits in California and Texas are said to exist, but the undersigned has not found them, and CCL has not been served with them.

The Florida Attorney General estimates that there are 700 Florida residents affected by the suit it has brought.

While these cases may ultimately find their way to a multi-district litigation panel under 28 U.S.C.A. § 1407, certainly to proceed with the instant case in light of the foregoing would be unwise, and potentially wasteful of judicial resources.

WHEREFORE, Broward Title Company, by and through its undersigned attorneys, requests that this court enter its order staying these proceedings until such time as related suits are resolved, and requests that this court grant it such further relief as this court deems just.

## Certificate of Mailing

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed by United States mail, postage prepaid, this ___24th___ day of November, 2004, to: Stephen Levin, Esq., of the law offices of Lamm, Rubenstone, Totaro & David, LLC, Attorneys for Plaintiff Commerce Commercial Leasing, 4 Greenwood Square, Suite 200, Bensalem, PA 19020-8544;

13

the document has been filed electronically and is available for viewing and downloading from

the ECF system.

> **Gossett & Gossett, P.A.**
> Attorneys for Defendant Broward Title Company
> 4700 Sheridan St., Building I
> Hollywood, FL 33021
> (954) 983-2828 • (954) 212-0439 Direct Fax
> rongossett@gossettlaw.com
> Fla. Bar No. 210811
>
> By: _____
> Ronald P. Gossett (RPG3667)
> For the Firm

RPG/ms

C:\Clients\BTC\Commerce Commercial Leasing LLC\Pleadings\Defendants Motions\Defendant's Motion to Stay Proceedings Until Related Suits Resolved.wpd

14