IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMERCE COMMERCIAL LEASING, LLC, *as assignee of NorVergence, Inc.,* | : : : | |
| Plaintiff, | : | |
| v. | : | No. 04-CV-04280 |
| BROWARD TITLE COMPANY, *a Florida corporation,* | : : : : | |
| Defendant. | : | |

**Green, S.J.**                                                                 **May 25, 2005**

## MEMORANDUM

Presently before the court are Defendant's Motion to Stay Action pending resolution of related suits and Motion for Sanctions under Rule 11. For the reasons set forth below, Defendant's motions will be **DENIED**.

**I.        FACTUAL AND PROCEDURAL BACKGROUND**

Although the facts of this matter are made more complex by an assignment and the use of an alias by the Plaintiff, this case is essentially a simple breach of contract suit involving the leasing of telephone equipment. On September 25, 2003, Defendant Broward Title Company, Inc. ("Broward") entered into a lease agreement with NorVergence, Inc. ("NorVergence"), a provider of local and unlimited, toll-free long distance telephone services. Pursuant to this agreement, Broward was required to make sixty (60) consecutive, monthly payments in the amount of $1,352.62 to NorVergence for telephone equipment. Plaintiff, assignee of NorVergence, contends that Broward breached the lease agreement when it discontinued its payments.

On December 1, 2003, NorVergence assigned the lease to Commerce Commercial Leasing, LLC, ("Commerce").[1] At the same time, Commerce notified Broward of the assignment and informed Broward that it should make all future payments to Commerce at a Pennsylvania address. Defendant started making payments to Plaintiff's Pennsylvania address in February 2004. Thereafter, Commerce entered into an operating agreement with Partners Equity Capital Company, LLC ("Partners") involving lease agreements that had been assigned to Commerce from NorVergence. This operating agreement authorized Partners to use the Commerce name for business related to the NorVergence lease agreements.

On August 11, 2004, Partners, using the name Commerce, filed a complaint in the Court of Common Pleas, Montgomery County, Pennsylvania. In its complaint, Plaintiff claimed that Broward ceased making its monthly payment in June 2004 and therefore, under the terms of the lease agreement, was liable for the remaining payments. On September 9, 2004, Defendant removed this action to this court based on diversity of citizenship.

Broward now brings a Motion to Stay Action pending resolution of related suits and Motion for Sanctions under Rule 11. Defendant claims that this court should stay this matter until the resolution of: 1) Florida's state court action regarding deceptive and unfair trade practices; 2) the outcome of the adversary proceeding in the NorVergence bankruptcy; 3) the outcome of a contemplated Federal Trade Commission suit ; 4) a putative class action suit in New Jersey state court; and 5) a putative class action in the Southern District of Florida. In Defendant's Motion For Sanctions, Defendant contends that Plaintiff falsely claimed that it was a Pennsylvania corporation in order to obtain jurisdiction.

II.     **MOTION TO STAY ACTION PENDING RESOLUTION OF RELATED SUITS**

---

[1] The terms of this assignment allowed Commerce to institute legal proceedings to enforce the lease agreement.

### A.     Legal Standard

In <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 63 S.Ct 1098 (1943), the Supreme Court held that federal courts should refrain from reviewing state issues involving a complex regulatory scheme and sensitive areas of state concern.  The doctrine provides that when state-court review is available, a federal court should decline to interfere with the state proceedings: 1) when there are difficult questions of state law bearing on policy problems of substantial public importance; or 2) where the exercise of federal review of the question would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.  See <u>Fiege v. Sechrest</u>, 90 F.3d 846, 847 (3d Cir. 1996).  <u>Burford</u> abstention is generally applied to state regulatory matters such as establishing rates for natural gas or transportation.

<u>Colorado River</u> abstention also allows federal courts to stay actions in favor of state court proceedings.  See <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800. 96 S.Ct. 1236 (1976).  This doctrine permits a federal court not to exercise its jurisdiction when litigation would be duplicative of a state proceeding.  See <u>Hawaii Housing Auth. v. Midkiff</u>, 467 U.S. 229, 104 S. Ct. 2321 (1984).  <u>Colorado River</u> abstention should only be granted in exceptional circumstances, such as the resolution of water rights.  See <u>Grode v. Mutual Fire, Marine, and Inland Ins. Co.</u>, 8 F.3d 953, 956 (3d Cir. 1993).  Factors used by courts to determine if <u>Colorado River</u> abstention is applicable include:  avoidance of piecemeal litigation; the order in which the courts obtain jurisdiction; inconvenience of the federal forum; whether either court has assumed jurisdiction over property; whether federal or state law provides the substantive rule to determine the merits; the source of governing law; and the probable inadequacy of the state court proceedings to protect the plaintiff's rights.  See <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 2, 103 S.Ct. 927, 930 (1983),

Will v. Calvert Fire Ins. Co., 437 U.S. 655, 98 S.Ct. 2552, Colorado River, 424 U.S. at 818.  No one factor is dispositive.  A balancing test is required, with the balancing weighted in favor of the exercise of jurisdiction.  See Moses, 460 U.S. at 16.  Consequently, the Third Circuit has held that in cases of parallel litigation, generally both state and federal actions should proceed until one of them results in a judgment that may be asserted as res judicata.  See NYLife Distributors, Inc. v. Adherence Group, Inc., 72 F.3d 371, 376 (3d Cir. 1995).

### B. This Court Will Not Stay This Matter

Defendant contends that this matter should be stayed under Burford and Colorado River abstention doctrines.  This motion fails, however, because the facts of this matter do not satisfy the requirements necessary to obtain Burford or Colorado River abstention.  Specifically, the case does not meet the substantial importance requirement of Burford nor the exceptional circumstances requirement of Colorado River.

Defendant argues that abstention is proper under Burford pending the outcome of:  1) Florida's state court action regarding deceptive and unfair trade practices; 2) the adversary proceeding in the NorVergence bankruptcy; 3) the contemplated Federal Trade Commission suit; 4) a putative class action suit in New Jersey state court; and 5) a putative class action in the Southern District of Florida.  However, to qualify for Burford abstention, a case needs to be either a complex state law matter concerning problems of substantial public importance or federal review would have to be disruptive of state efforts to establish a coherent policy concerning substantial public concern.  See Kentucky W. Va. Gas Co. v. Pennsylvania Public Util. Comm'n, 791 F.2d 1111, 1114 (3d Cir. 1986).  Examples of matters of substantial public important or substantial public concern which have qualified for Burford abstention include establishing rates for natural gas or transportation, discontinuing railroad passenger services, discontinuing intrastate air service, or applying state eminent domain procedures.

See Grode v. The Mutual, Fire, Marine and Inland, 8 F.3d 953 (3d Cir. 1993).  Here, the instant matter is a breach of contract claim over telephone equipment which generally only affects the parties.  As such, this matter does not meet the substantial public importance requirement.  Moreover, since this matter only affects the parties, federal review would not be disruptive of state efforts to establish a coherent policy concerning a matter of public concern.  Since Defendant has not demonstrated that this contract dispute arises to the level of state importance or public concern, Defendant's Burford abstention is inapplicable.

Broward also argues that abstention is proper under Colorado River abstention doctrine because:  1) staying the action would avoid piecemeal and potentially contrary results; 2) the Florida proceeding has advanced further than this claim; 3) state law controls this case; and 4) comity dictates that this court respects the Florida decision.  However, Colorado River abstention is inapplicable because Defendant has not established that this matter satisfies the exceptional circumstances requirement.  See Spring City Corp. v. American Building Co., 193 F.3d 165, 171-72 (3d Cir. 1999).  To meet this requirement, the matter must be grounded in more than just the interest in avoiding duplicative litigation.  Additionally, Colorado River abstention is not proper just to avoid piecemeal litigation.  See id. at 172.  An example of exceptional circumstances occurred in Colorado River, when the Supreme Court held that water rights in Colorado, one of the most important issues of the Southwest constituted substantial public concern.  See Spring City, 193 F.3d at 172.

Here, Broward has not demonstrated that Colorado River abstention is required.  The instant matter is a common breach of contract suit between two parties.  Broward argues that the avoidance of piecemeal litigation and contrary results is one of the reasons why this matter should be stayed.  Although this bolsters Broward's abstention argument, piecemeal litigation and the potential for contrary results, by themselves, are not sufficient to stay the

action. See Spring City, 193 F.3d 172 ("even though it is important to prevent 'piecemeal litigation,' a stay is appropriate only when there is a "strong federal policy against [such] litigation."); see NYLife, 72 F.3d at 376 ("the mere pendency of a similar action in a state court does not require, nor even permit, a federal court to refuse to hear or to stay an action that is properly within its jurisdiction, and that both state and federal actions should go forward until one of them results in a judgment that may be asserted as res judicata in the other."). Additionally, the fact that state law controls this breach of contract matter is not dispositive. If this were the case, most diversity of citizenship matters with parallel actions in state court would be stayed. Besides the weakness of Broward's argument, the fact that this court had jurisdiction before the other courts also undermines Defendant's motion for sanctions. Upon consideration of the Colorado River doctrine balancing test and the fact that Broward has not demonstrated that this matter satisfies the exceptional circumstances requirement, Defendant's motion to stay will be denied.

**III      MOTION FOR SANCTIONS UNDER RULE 11**

     **A.      Legal Standard**

Fed. R. Civ. P. 11 imposes the duty on attorneys to certify that they have conducted reasonable inquiry and have determined that any papers filed with the court are well grounded, legally tenable, and not made for any improper purpose. See Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990). The court may sanction an attorney who violates this rule. See id. The primary purpose of this rule is to deter baseless filings in district court. See id.

"The standard for testing conduct under Rule 11 is reasonableness under the circumstances." Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3d Cir. 1988). If an attorney reasonably believes that his complaint or motion comports with the

action. See Spring City, 193 F.3d 172 ("even though it is important to prevent 'piecemeal litigation,' a stay is appropriate only when there is a "strong federal policy against [such] litigation."); see NYLife, 72 F.3d at 376 ("the mere pendency of a similar action in a state court does not require, nor even permit, a federal court to refuse to hear or to stay an action that is properly within its jurisdiction, and that both state and federal actions should go forward until one of them results in a judgment that may be asserted as res judicata in the other."). Additionally, the fact that state law controls this breach of contract matter is not dispositive. If this were the case, most diversity of citizenship matters with parallel actions in state court would be stayed. Besides the weakness of Broward's argument, the fact that this court had jurisdiction before the other courts also undermines Defendant's motion for sanctions. Upon consideration of the Colorado River doctrine balancing test and the fact that Broward has not demonstrated that this matter satisfies the exceptional circumstances requirement, Defendant's motion to stay will be denied.

**III      MOTION FOR SANCTIONS UNDER RULE 11**

    **A.      Legal Standard**

Fed. R. Civ. P. 11 imposes the duty on attorneys to certify that they have conducted reasonable inquiry and have determined that any papers filed with the court are well grounded, legally tenable, and not made for any improper purpose. See Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 2454 (1990). The court may sanction an attorney who violates this rule. See id. The primary purpose of this rule is to deter baseless filings in district court. See id.

"The standard for testing conduct under Rule 11 is reasonableness under the circumstances." Teamsters Local Union No. 430 v. Cement Express, Inc., 841 F.2d 66, 68 (3d Cir. 1988). If an attorney reasonably believes that his complaint or motion comports with the

requirements of Rule 11, at the time he files the document, the court should not grant sanctions. See id. Generally, sanctions are only imposed when a pleading or motion is patently unmeritorious or frivolous. See Ford Motor Co. v. Summit Motor, 930 F.2d 277 (3d Cir. 1991).

### B.   Defendant's Rule 11 Motion for Sanctions will be denied

Broward's motion will be denied because this matter does not arise to the patently unmeritorious or frivolous standard required by the Third Circuit. Moreover, Defendant has not demonstrated that Plaintiff falsely declared to obtain jurisdiction.

Here, Plaintiff has provided evidence that the error was not only unintentional but does not interfere with the jurisdiction of this court over this matter. Specifically, Plaintiff claims that it inadvertently referred to Commerce as a Pennsylvania corporation because: 1) Partners sued Defendant using the Commerce name; 2) Partners was authorized by Commerce to do so; 3) Partners has its principal place of business in Pennsylvania; and 4) Defendant has had many contacts with Plaintiff in the state of Pennsylvania to maintain jurisdiction. To support its claim, Plaintiff provided Defendant with a copy of the agreement authorizing it to use the Commerce name and noted that Defendant sent its payments to Partners' Pennsylvania address. Defendant does not dispute the authentication of Plaintiff's documents or the fact that Defendant has had repeated contacts with Partners as Commerce in Pennsylvania. Since Defendant has not demonstrated that Plaintiff showed bad faith in filing its complaint or that this error affects the jurisdiction of this matter, Defendant's motion for sanctions will be denied and this court will maintain jurisdiction.

The Third Circuit holds that Rule 11 sanctions are reserved for claims or motions that are patently unmeritorious or frivolous. See Arab African Intern. Bank v. Epstein, 10 F.3d 168, 175 (3d Cir. 1993). In Defendant's Motion For Sanctions, Broward contends that Plaintiff's

claim arises to this standard and that Plaintiff improperly stated that it was a Pennsylvania corporation in its complaint to obtain jurisdiction.

This matter is a breach of contract claim.  Here, Plaintiff stated a cause of action by alleging that a lease agreement existed and that the Defendant breached this agreement by discontinuing its payments.  While this court does not address the ultimate merits of the case at this time, Plaintiff has made a sufficient showing that its complaint is not baseless.

**IV.     CONCLUSION**

For the above-stated reasons, the Defendant's Motions to Stay Action pending resolution of related suits and for Sanctions under Rule 11 will be denied in their entirety.