IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARTNERS EQUITY CAPITAL COMPANY, LLC<br>*as assignee of Commerce Commercial Leasing, LLC, Assignee of NorVergence, Inc.* | : : : : : : | |
| Plaintiff,<br>v.<br><br>BROWARD TITLE COMPANY,<br>*a Florida corporation,*<br><br>Defendant, | : : : : : : : : | No. 04-CV-04280 |

**MEMORANDUM ORDER**

Pursuant to this Court's Order dated December 7, 2005, this Court has received trial briefs from counsel for the parties concerning the choice of law to be applied to the merits of the pending litigation and the awarding of counsel's fees.  In briefs submitted to this Court, Plaintiff argues that Pennsylvania law applies because the litigation concerns Defendant's alleged failure to pay Plaintiff pursuant to the Equipment Rental Agreement.[1]  Plaintiff asserts that the Equipment Rental Agreement contains a choice of law provision that, when applied to the facts of this case, requires the application of Pennsylvania law.[2]  Defendant, on the other hand, asserts in its briefs that the contract at issue in this litigation consists of a service agreement in addition to the Equipment Rental Agreement and therefore, because the choice of

---

[1] The Equipment Rental Agreement dated November 26, 2003 was originally entered into between Defendant and NorVergence, Inc. (Plaintiff's assignee).  A Notice of Assignment of Rental was made on December 1, 2003 by and among Commerce Commercial Leasing, LLC (Plaintiff's predecessor in interest) as assignee, NorVergence, Inc. as Rentor, and Defendant as Renter.

[2] The Equipment Rental Agreement includes the following provision: "APPLICABLE LAW:...This agreement shall be governed, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by the Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations..."  Equipment Rental Agreement at p. 2.  Plaintiff alleges it is the assignee whose principal offices are located in Pennsylvania.

law provision in the Equipment Rental Agreement conflicts with provisions in other portions of the compiled contract, all choice of law provisions should be nullified and this Court should find that the significant contacts test of Restatement (Second) Conflict of Laws § 188 requires the application of Florida law.

Upon reviewing the pleadings filed in this case, it is clear that Plaintiff only sued upon the assigned contract, the Equipment Rental Agreement.  The Equipment Rental Agreement contains a choice of law provision that provides for application of the law of the "[s]tate in which the assignee's principal offices are located, without regard to such [s]tate's choice of law considerations."  Equipment Rental Agreement at p. 2.  Here, the assignee is Plaintiff whose principal offices are located in Pennsylvania.  Therefore, Pennsylvania law is to be applied to the merits of the pending litigation and the awarding of counsel's fees in this case, if any.[3]  Despite Defendant's arguments to the contrary, this Court finds that the choice of law provision in the Equipment Rental Agreement fails to sufficiently conflict with strong public policy interests to substantiate ignoring the contractual provision freely negotiated between the two commercial entities [NorVergence, Inc. (Plaintiff's predecessor in interest) and Defendant] that originally entered into the contract.[4]  It should be noted that this Court has decided only the issue presented as to the law which governs the pending controversy.  I do not express any opinion as to the merits of the controversy or any right of either party to counsel's fees.

**AND NOW**, this         day of January 2006, **IT IS HEREBY ORDERED** that Pennsylvania law shall govern the merits of the litigation and the awarding of counsel's fees in the above-referenced case.  Therefore, the Florida reciprocal attorneys' fees statute referred to in Defendant's Trial Brief is inapplicable.

---

[3] The parties have not identified any conflict of law as to the merits of the litigation, only differences as to an award of counsel's fees.

[4] "Pennsylvania courts will only ignore a contractual choice of law provision if that provision conflicts with strong public policy interests." Kruzits v. Okuma Machine Tool, Inc., 40 F.3d 52, 56 (3d Cir. 1994) (finding choice of law provision in freely negotiated financing contract between two commercial entities was not preempted by state workmen's compensation law).

3

          **BY THE COURT:**

          <u>S/ Clifford Scott Green</u>
          **CLIFFORD SCOTT GREEN, S.J.**